UNITED STATES DISTRICT COOURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS, LLC;
GENERAL MOTORS CO.,

    Plaintiffs

v.

FCA US LLC/ FIAT CHRYSLER
AUTOMOBILES N.V.; ALPHONS
IACOBELLI; JEROME DURDEN;
MICHAEL BROWN,

    Defendants.
_____

No. 2:19-cv-13429
Hon. Paul D. Borman
Magistrate David R. Grand

**<u>DEFENDANT ALPHONS IACOBELLI'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE RULE 26(d)(1) AND THE COURT'S PRACTICE REQUIREMENTS REGARDING DISCOVERY</u>**

    Defendant Alphons Iacobelli (collectively "Defendant" or "Iacobelli"), states as follows for his Response in Opposition to Plaintiffs' Motion to Enforce Rule 26(d)(1) and the Court's Practice Requirements Regarding Discovery.

## **ISSUE PRESENTED**

DO EITHER OF FED. R. CIV. P. 26(d)(1) OR THIS COURT'S PRACTICE GUIDELINES IMPOSE UPON DEFENDANTS ANY OBLIGATIONS THAT SHOULD BE ENFORCED BY THIS COURT?

DEFENDANT IACOBELLI SAYS "NO"

## CONTROLLING AUTHORITY

Fed. R. Civ. P. 26(d)(1)

## **STATEMENT OF FACTS**

On November 20, 2019, General Motors LLC and General Motors Company (collectively referred to by Plaintiffs as "GM") filed this action, seeking relief based upon alleged violations by Defendants of the RICO statute. Attempting to bootstrap on the convictions of several FCA US employees (including Mr. Iacobelli) and UAW officials, GM claims to have suffered injury by reason of the wrongful conduct forming the subject matter of the convictions; curiously, GM claims to have suffered damages by reason of all of the conduct forming the subject matter of the convictions including, but not limited to, Mr. Iacobelli subscribing to a false <u>personal</u> tax return.

On January 9, 2020, the parties held an early Rule 26(f) conference at the insistence of GM, and as a condition of GM's consent to a modest enlargement of time in favor of Mr. Iacobelli to respond to the Complaint (itself a "short story," rather than a "short and plain statement"). Apparently dissatisfied with the views and proposals made by Defendants in the conference (which views and proposals Defendants were obligated to provide), GM the very next day filed this Motion in apparent challenge to Defendants' views and proposals (those views and proposals are being submitted to the Court via the written report required by Fed. R. Civ. P. 26(f)(2) which, as required, sets forth the differing views among the parties with respect to the commencement of discovery and the making of the initial disclosures required by Fed. R. Civ. P. 26(a)).

Despite precipitously filing the instant Motion, GM certainly did not rush to file this action. GM appears to claim that the damages allegedly suffered are a consequence of GM's voluntary agreement to the terms and conditions of the 2015 UAW-GM collective bargaining agreement, which GM claims resulted in increased costs to GM above the costs that in advance of negotiations GM anticipated it would ultimately agree to pay. Although not explicitly disclosing the date it believes the four year RICO statute of limitations began to run, it appears that GM believes (erroneously) the statute of limitations did not begin to run until the November 20, 2015 ratification by the UAW of the agreed-upon 2015 UAW-GM collective bargaining agreement (hence the November 20, 2019 filing of this action). Despite waiting over four years from when GM knew or should have known that it first suffered damages to support the filing of this action (if the alleged damages are legally cognizable, not speculative and sufficient to support the RICO claims – which Mr. Iacobelli does not believe they are), GM urges this Court to believe that the commencement of discovery cannot await disposition of the anticipated Motions to dismiss GM's Complaint, and the instant Motion therefore wrongfully seeks to "enforce" a Court Rule that does not impose upon any party any obligation except the obligation to refrain from commencing discovery.

## ARGUMENT

Plaintiffs' Motion is baseless and should be denied. Neither Fed. R. Civ. P. 26(d)(1) nor this Court's Practice Guidelines provide support for the relief sought.

The instant Motion is an improvident Motion to impose upon Defendants an obligation under Rule 26(d)(1) that does not exist under the Rule and an improper attempt (by replacing a critical phrase with an ellipses) to impose upon Defendants an obligation under the Court's Practice Guidelines that does not exist under the Guidelines;[1] and/or an improvident effort to argue the alleged merits of the case to the Court.

### A. Rule 26(d)(1) Cannot Serve as the Basis for Affirmative Relief

In its Motion, GM misconstrues the purpose of the Rule 26(f) conference, and erroneously believes that the views and proposals made by the Defendants (including those expressed by Mr. Iacobelli) in the Rule 26(f) conference, which the Rule requires be expressed and made, can somehow serve as the basis for a Motion seeking affirmative relief. In short, GM does not seek relief based upon Mr. Iacobelli's alleged violation or breach of a rule, but improvidently seeks relief based upon Mr. Iacobelli's <u>compliance</u> with Rule 26(f) and GM's disagreement with the views expressed and proposals made – all of which views and proposals (including modifications of such proposals based upon further consideration) are as required being provided to the Court in the parties' Rule 26(f) Report.

---

[1] To the extent that the Motion seeks to "compel" discovery, it utterly fails to comply with Rule 37 for among other reasons, it was (incredibly) served <u>contemporaneously</u> with the very discovery that Plaintiff seeks to "compel."

GM has moved to "enforce" Fed. R. Civ. P. 26(d)(1) and for the entry of an Order of this Court compelling Defendants to "participate" in discovery. Rule 26(d)(1) does not, however, impose upon Mr. Iacobelli or any of the other Defendants any affirmative obligation whatsoever that could or should be "enforced" against Mr. Iacobelli or serve as the basis for the entry of an Order compelling undefined "participation" in discovery. Rule 26(d)(1) provides as follows:

> (d) Timing and Sequence of Discovery.
>
> (1) *Timing*. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Rule 26(d)(1) simply imposes a proscription upon the initiation of discovery prior to the Rule 26(f) conference. Rule 26(d)(1) does not confer upon GM any rights or impose upon Mr. Iacobelli any affirmative obligation that can properly be "enforced" against Mr. Iacobelli.

Not surprisingly, GM fails to cite any applicable authority for the relief sought. GM cites to several cases permitting discovery to proceed while motions to dismiss are pending, each of which were decided in the context of motions to stay discovery. Those decisions do not stand for the proposition that a plaintiff may – contemporaneously with the service of discovery requests – preempt a respondent's right to seek a stay of discovery and/or otherwise object to the discovery (including

by way of a motion for protective order or other appropriate relief) and obtain an order compelling Defendants' undefined "participation" in discovery.

To the extent that GM's Motion was intended and/or is construed as a challenge to the views and proposals made by Mr. Iacobelli and the balance of the Defendants expressed in the Rule 26(f) conference, the Motion must be denied. Fed. R. Civ. P. 26(f)(3) <u>anticipates</u> the possibility of disagreements relating to the immediate commencement of discovery as well as deferral of the provision of the Rule 26(a) initial disclosures. The discovery "plan" – more appropriately a report in this case as evidenced by the proposed Joint Report provided in draft form by Plaintiff to the Defendants on January 22, 2020 and with respect to which Mr. Iacobelli provided input on January 23, 2020[2] – provides the parties with an opportunity to have the Court consider the positions of the parties on a variety of discovery issues and for the Court to determine what is appropriate under the circumstances. Plaintiff's premature Motion to "enforce" obligations that have not yet arisen and are the subject matter of a "Report" (and which sets forth, as required, the positions of the parties), and to "enforce" this Court's practice guideline which does not by its terms serve as a basis for the relief requested, must be denied.

---

[2] The proposed "Joint Report" provided by Plaintiffs on January 22, 2020 bears a "Preliminary Draft" date of January 18, 2020 – four days before it was finally provided to Defendants for their review and consideration. Mr. Iacobelli timely provided his input to Plaintiffs for inclusion in the Rule 26(f) Report.

175115717.003     8

Finally, to the extent that the instant Motion is in anticipation of Defendants filing a Motion to stay discovery or for protective order (or similar or alternate relief), GM's motion is premature. GM is not entitled to an advance ruling upon a Motion for stay not yet filed, a Motion for protective order not yet filed, or objections not yet asserted to GM's discovery improvidently served. GM will have adequate opportunity to argue the alleged merits of and alleged immediate need for its discovery requests in response to Defendants' Motion (when filed) and objections (when served). Until then, the instant Motion is premature.

### B. The Court's Practice Guideline Does Not Support the Commencement of Discovery

GM errs in suggesting that the commencement of discovery is authorized by this Court's Practice Guideline (erroneously referred to by GM in the caption and opening paragraph of their Motion as Practice "Requirements"). That guideline – not a mandate - suggests the commencement of the discovery process "once the case is joined;" in citing to the Practice Guideline, GM misleadingly replaces at GM Motion page 11 the phrase "once the case is joined" with an ellipses in an effort to convey the impression that discovery is somehow required to immediately commence. The omission of the phrase is not surprising, since the phrase "once the case is joined" is not defined and cannot reasonably be construed to mean simply that service of process has been effected and a Rule 26(f) conference held – or the guideline would so indicate. In the context of Rule 26(f)(3) (which anticipates under

appropriate circumstances such as these of the deferral of the provision of initial disclosures and the commencement of discovery), this Court's Practice Guideline appears to anticipate the commencement of discovery once the pleadings are complete (including the filing of <u>answers</u> to the complaint in the absence of a Motion to dismiss) and the issues framed. In that context, the commencement of discovery absent the issuance of a scheduling order makes perfect sense; in this context, it does not. Mr. Iacobelli suggests that the initial disclosures under Rule 26(a) be made within 30 days following the Court's disposition of the motions to dismiss.

## **CONCLUSION**

For the reasons set forth above, Defendant Alphons Iacobelli prays that this Court deny Plaintiffs' Motion to Enforce Rule 26(d)(1) and the Court's Practice Guidelines.

Respectfully submitted,

NEDELMAN LEGAL GROUP PLLC

By: <u>/s/ Michael A. Nedelman</u>
Michael A Nedelman (P35433)
Counsel for Defendant Alphons Iacobelli
28580 Orchard Lake Road, Suite 140
Farmington Hills, MI 48334
(248) 855-8888
mnedelman@nglegal.com

Dated:  January 24, 2020

175115717.003

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I caused a true and correct copy of the foregoing to be furnished via the Court's E-filing system to all counsel of record on January 24, 2020.

By /s/ Michelle K. Watler
Michelle K. Watler