UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS LLC,
GENERAL MOTORS COMPANY,

      Plaintiffs,

v.

FCA US LLC, FIAT CHRYSLER
AUTOMOBILES N.V., ALPHONS
IACOBELLI, JEROME DURDEN,
MICHAEL BROWN,

      Defendants.
_____/

Case No. 19-cv-13429

District Judge Paul D. Borman
Magistrate Judge David R. Grand

**ORDER**

(1)     **DENYING PLAINTIFF GENERAL MOTORS' MOTION TO ENFORCE FEDERAL RULE OF CIVIL PROCEDURE 26(d)(1) AND THE COURT'S PRACTICE REQUIREMENTS REGARDING DISCOVERY AGAINST ALL DEFENDANTS, SIGNIFICANT NON-PARTIES AND OTHER ENTITIES**

(2)     **REQUESTING BRIEFING CONCERNING PLAINTIFF GENERAL MOTORS' CONCERNS ABOUT PRESERVATION OF EVIDENCE IN THE POSSESSION OR CONTROL OF THIRD-PARTY UNITED AUTO WORKERS**

On November 20, 2019, Plaintiffs filed a 95-page 198 paragraph Complaint

(ECF #1). The Complaint alleges:

    a.    Three Federal law counts under the Racketeer Influenced and Corrupt Organizations Act, Title 18 U.S.C. § 1962 (b)(c) and (d) against all Defendants;

1

  b.  One count of Unfair Competition against FCA and FCA N.V.;

  c.  One count of Civil Conspiracy against all Defendants.

On January 1, 2020, Plaintiffs filed a Motion to Enforce Rule 26(d)(1) and the Court's Practice Requirements Regarding Discovery (ECF #31). Federal Rule of Civil Procedure 26(d)(1) deals with timing of discovery. This Court's practice requirements deal with ordinary civil cases. This is not an ordinary civil case.

On January 24, 2020, FCA Defendants filed a Response in Opposition to Plaintiffs' Motion to "Enforce" Rule 26(d)(1) (ECF #40). On January 31, 2020, Plaintiffs filed a Reply Brief in Support of their Motion (ECF #49). On January 24, 2020, Defendant Alphons Iacobelli filed a Response in Opposition to Plaintiffs' Motion to Enforce Rule 26(d)(1) and the Court's Practice Requirements Regarding Discovery (ECF #37). On January 24, 2020, Defendant Jerome Durden filed a Notice of Joinder with Defendant Iacobelli's Response (ECF #38). On February 4, 2020, Defendant Michael Brown filed a Notice of Joinder with Defendant FCA's Response (ECF #51).

The parties held a Rule 26(f) Conference on January 24, 2020 (ECF #39). They did not agree on a discovery plan. Plaintiff GM seeks to proceed with the issue of initial disclosures and commence discovery on its 95-page 198 paragraph Complaint. Defendant FCA objects to GM's proposal, suggesting, as do other

Defendants, that the most efficient and fair way to proceed is for the parties and the Court to first proceed to resolve the Defendants' Motions to Dismiss.

Pursuant to Local Rule 7.1(f)(2), Court concludes that this matter can be determined without a hearing.

The Court finds compelling FCA's reasoning found on Page 3 of the Joint Report (ECF #39).

> But FCA's view of the most efficient way to proceed differs fundamentally from GM's, not only because FCA is the party that would bear the majority of the expense and disruption related to discovery, but because all expense and disruption that discovery in the action would cause, to the various parties and the Court alike, may be well obviated or significantly limited by the Court's future rulings on FCA's forthcoming motions to dismiss…Even if the Court does not dismiss the Complaint in its entirety, dismissal of some of GM's claims could significantly narrow the scope of appropriate discovery.

In the Joint Discovery Report discussion of the Subject Matter of Discovery, on Pages 6, *et seq*. (ECF #39), Defendant FCA's position correctly notes, at Page 8:

> The scope of discovery GM seeks is massive. GM already has served FCA with 55 broad document requests and four interrogatories asking FCA to locate and produce documents from a more than 10-year period on a range of topics…

And that is only the opening volley of GM's discovery requests against Defendants and "Significant Non-Parties and Other Entities." (ECF #1, p. 14). In

3

Section VI of the Joint Discovery Report, Changes in Discovery Limitations, GM states that it

> "will require an expansion of its deposition limit such that each side- - Plaintiffs (collectively) and Defendants (collectively)- -may take 40 depositions of the parties and their representatives, subject to taking additional depositions upon a showing of good cause; and, at least until the identity of third parties is disclosed and Defendants produce relevant documents such that informed decisions can [be] made, there should be no limit imposed on the number of depositions of third parties which may include depositions to authenticate and establish the foundation of third-party documents".

(ECF #39, p. 21).

## DISCUSSION

This is an extraordinarily complex case as evidenced by the 95-page 198 paragraph Complaint. Defendant FCA's Preliminary Statement in Response to Plaintiff's Motion to "Enforce" Rule 21(d)(1) (ECF #40, p. 3), cites to Sixth Circuit precedent in support of its request to delay discovery until the Court rules on Defendants' Rule 12(b)(6) motions: "[T]here is no general right to discovery upon filing of the complaint. The very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz* v. *Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (citing *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)).

4

This Court has the discretion to "discourag[e] wasteful pretrial activities" and to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1, 16.

Accordingly, in the exercise of its discretion, the Court stays GM's discovery requests against Defendant FCA, other Defendants, significant non-parties, and other entities until the Court rules on the Defendants' Motions to Dismiss.

The Court requests briefing of up to seven pages on Plaintiff GM's concerns about preservation of evidence in the possession or control of third-party United Auto Workers (Plaintiffs' Reply to Response of Third-Party UAW to Plaintiffs' Motion to Enforce Rule 26(d)(1) and the Court's Practice Requirements Regarding Discovery, Feb. 5, 2020, ECF #52, p. 1, Page ID 1704). The deadline for Plaintiff GM's submission is March 3, 2020. The UAW's response is due 14 days from the filing of GM's submission.

    IT IS SO ORDERED.

Dated: February 18, 2020                  s/Paul D. Borman  
                                                               Paul D. Borman  
                                                               United States District Judge