IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GENERAL MOTORS LLC; GENERAL MOTORS CO.,

    Plaintiffs,

v.

FCA US LLC; FIAT CHRYSLER AUTOMOBILES N.V.; ALPHONS IACOBELLI; JEROME DURDEN; MICHAEL BROWN,

    Defendants.

No. 2:19-cv-13429

Honorable Paul D. Borman
District Court Judge

Honorable David R. Grand
Magistrate Judge

---

**FIAT CHRYSLER AUTOMOBILES N.V.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Thomas W. Cranmer (P25252)
Matthew P. Allen (P57914)
MILLER, CANFIELD, PADDOCK
   & STONE, PLC
840 West Long Lake Road
Suite 150
Troy, Michigan 48098-6358
Tel:  (248) 879-2000
*cranmer@millercanfield.com*
*allen@millercanfield.com*

Steven L. Holley (N.Y. 1917830)
Matthew J. Porpora (N.Y. 4402798)
Jacob E. Cohen (N.Y. 4787271)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Tel:  (212) 558-4000
*holleys@sullcrom.com*
*porporam@sullcrom.com*
*cohenja@sullcrom.com*

*Counsel for Fiat Chrysler Automobiles N.V.*

April 8, 2020

## TABLE OF CONTENTS

*Page*

Preliminary Statement ................................................................................ 1

Argument .................................................................................................... 2

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Ashcroft* v. *Iqbal*,
    556 U.S. 662 (2009) ................................................................................. 2, 3

*Bell Atl. Corp.* v. *Twombly*,
    550 U.S. 544 (2007) ....................................................................................... 1

*Palnik* v. *Westlake Entm't, Inc.*,
    344 F. App'x 249 (6th Cir. 2009) .................................................................. 2

*Smith* v. *Amada Mach. Tools Am. Inc.*,
    2017 WL 4339328 (E.D. Mich. June 12, 2017) ............................................. 3

*United States* v. *Bestfoods*,
    524 U.S. 51 (1998) .................................................................................. 1, 2

## PRELIMINARY STATEMENT

GM's Opposition repeats the same conclusory assertion upon which its entire theory of liability is based: that FCA NV, through its "agent" Sergio Marchionne, "designed, orchestrated, and implemented through bribes paid in Michigan" an alleged scheme "to harm GM, to competitively advantage FCA, and ultimately attempt to achieve the merger that FCA NV proposed to GM." (Opp at 1.)[1] But nowhere in GM's nearly 100-page Complaint does GM support that assertion with well-pled facts that "nudge[] [its] claims across the line from conceivable to plausible." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007). Nothing in the indictments, plea agreements, and sentencing memoranda on which GM relies suggests that FCA NV or Mr. Marchionne authorized, or even had knowledge of, the alleged prohibited payments, much less "orchestrated" them as part of a scheme to harm GM. (Mot. at 11.) Nor does GM say anything to overcome the well-established presumption that any actions Mr. Marchionne allegedly took to influence negotiation of FCA US's collective bargaining agreements ("CBAs") with the UAW (a U.S. labor union) were taken in his capacity as an officer of FCA US— not FCA NV. *See United States* v. *Bestfoods*, 524 U.S. 51, 69 (1998). Unsubstantiated conjecture cannot and does not (i) support the exercise of personal jurisdiction over FCA NV, or (ii) plausibly state a claim against FCA NV.

---

[1] Defined terms have the same meaning as in FCA NV's Opening Brief.

## ARGUMENT

GM asserts that its Complaint contains "specific factual allegations establishing FCA NV's orchestration—through its Chairman, Elkann and CEO, Marchionne—of the bribery scheme and its intended consequences in Michigan" (Opp. at 5), but there are no such allegations. The only time Mr. Elkann's name is even *mentioned* in the Complaint is a footnote referencing a eulogy Mr. Elkann delivered at Mr. Marchionne's funeral. (Compl. ¶ 10 n.6.) As to Mr. Marchionne, GM's unsupported assertion that Mr. Marchionne was acting on behalf of FCA NV "at relevant times" (Opp. at 7) does not overcome the presumption that actions Mr. Marchionne allegedly took in Michigan to influence negotiation of FCA US's CBAs with the UAW, with respect to U.S. workers in U.S. factories, were taken in his capacity as an officer of FCA US. *Bestfoods*, 524 U.S. at 69.[2] Even assuming for the sake of argument that Mr. Marchionne was acting on behalf of FCA NV in relation to the CBAs, neither GM's "bare bones" assertions that Mr. Marchionne

---

[2] GM's assertion that whether Mr. Marchionne was an agent of FCA NV is a "factual dispute" the Court "must . . . disregard[] as a matter of law" in favor of GM's position is false. (Opp. at 3.) Sixth Circuit law is clear that on a motion to dismiss for lack of personal jurisdiction, "it remains the plaintiff's burden and the complaint must have established with reasonable particularity those specific facts that support jurisdiction." *Palnik* v. *Westlake Entm't, Inc.*, 344 F. App'x 249, 251 (6th Cir. 2009). GM's "conclusory statements" that Mr. Marchionne was acting on behalf of FCA NV need not be accepted as true, and therefore do not support the exercise of personal jurisdiction. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).

"instructed" former FCA US employees to make the alleged prohibited payments,[3] nor GM's speculation that Mr. Marchionne improperly influenced the collective barging process with the "ultimate goal of engineering a merger between GM and FCA NV" (Opp. at 5), satisfy GM's burden to make a *prima facie* showing of personal jurisdiction over, or to state a claim against, FCA NV. *See Iqbal*, 556 U.S. at 680-81 (allegations that defendant was "principal architect" of challenged policy were "conclusory and not entitled to be assumed true"); *Smith* v. *Amada Mach. Tools Am. Inc.*, 2017 WL 4339328, at *4 (E.D. Mich. June 12, 2017) ("[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden to make out a *prima facie* showing of personal jurisdiction.").[4]

April 8, 2020                                        Respectfully submitted,

                                                                  */s/ Steven L. Holley*

Thomas W. Cranmer (P25252)         Steven L. Holley (N.Y. 1917830)
Matthew P. Allen (P57914)          Matthew J. Porpora (N.Y. 4402798)
MILLER, CANFIELD, PADDOCK          Jacob E. Cohen (N.Y. 4787271)
   & STONE, PLC                     SULLIVAN & CROMWELL LLP

*Counsel for Fiat Chrysler Automobiles N.V.*

---

[3] GM's allegation that Mr. Marchionne gave General Holiefield a watch in February 2010 (Opp. at 5), nearly 10 years before GM filed its Complaint and five years before the 2015 CBA was negotiated (which itself was months after Mr. Holiefield's death), does not support personal jurisdiction or liability as to FCA NV.

[4] GM is not entitled to jurisdictional discovery to "probe [its] speculative and conclusory allegations." *Smith*, 2017 WL 4339328, at *10 (denying jurisdictional discovery where complaint makes "conclusory allegations" and "provides no support that [defendants] are alter egos of one another").

## CERTIFICATE OF SERVICE

I hereby certify that, on April 8, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

                              Respectfully submitted,

                              */s/ Steven L. Holley*
                              Steven L. Holley (N.Y. 1917830)
                              SULLIVAN & CROMWELL LLP
                              125 Broad Street
                              New York, New York 10004-2498
                              Tel: (212) 558-4000
                              *holleys@sullcrom.com*

                              *Counsel for Fiat Chrysler Automobiles N.V.*

April 8, 2020