**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: June 29, 2020

Mr. Matthew P. Allen
Miller Canfield
840 W. Long Lake Road
Suite 150
Troy, MI 48098

Ms. Judith S. Gracey
Law Office
2055 Orchard Lake Road
Sylvan Lake, MI 48320

Mr. Paul D. Clement
Kirkland & Ellis
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004

Hariklia Karis
Kirkland & Ellis
300 N. LaSalle Street
Chicago, IL 60654

Mr. Jacob Eden Cohen
Sullivan & Cromwell
125 Broad Street
New York, NY 10004

Ms. Erin Murphy
Kirkland & Ellis
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004

Mr. Ben M. Gonek
Law Offices
615 Griswold Street
Suite 1116
Detroit, MI 48226

Mr. Michael A. Nedelman
Law Offices
28580 Orchard Lake Road
Suite 140
Farmington Hills, MI 48334

Re: Case No. 20-1616, *In re: General Motors, LLC, et al*
Originating Case No. : 2:19-cv-13429

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/C. Anthony Milton
Case Manager
Direct Dial No. 513-564-7026

cc: Mr. David J. Weaver

Enclosure

No. 20-1616

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 29, 2020
DEBORAH S. HUNT, Clerk

In re: GENERAL MOTORS, LLC; GENERAL )
MOTORS COMPANY, )
)
Petitioners.

O R D E R

Before: SUHRHEINRICH, GILMAN, and LARSEN, Circuit Judges.

Plaintiffs, General Motors, LLC and General Motors Company ("GM"), allege that defendants, FCA US LLC, Fiat Chrysler Automobiles N.V., and three individuals ("FCA"), conspired to violate the Racketeer Influenced and Corrupt Organizations Act and various state laws. GM petitions for a writ of mandamus, asking us to "grant this petition urgently or at least stay the [district court's] order" pending our consideration of its petition.

The order at issue, entered on June 23, 2020, requires CEOs Mary Barra of GM and Michael Manley of FCA (the "CEOs") to meet in person, without their legal counsel, "to reach a sensible resolution of this huge legal distraction," and to personally report back to the district court on July 1, 2020, via a Zoom webinar, on their progress in settling the case. In a subsequent notice to appear, the district court indicated that the public may request access to in-court proceedings by visiting the court's website. The district court amended its order on June 27, 2020. The amended order permits counsel to accompany the CEOs to their private in-person meeting and to be present at their subsequent Zoom report to the court. The amendment further notes that "Federal Rule of Evidence 408(a)(b) prohibits admission of statements made during compromise negotiations." GM insists, however, that the amendment does not "cure the deeper flaws" in the June 23 order

Case 2:19-cv-13429-PDB-DRG   ECF No. 80   filed 06/29/20   PageID.2938   Page 3 of 4 (3 of 4)
Case: 20-1616   Document: 72   Filed: 06/29/2020   Page: 2

No. 20-1616
-2-

and that mandamus and reassignment of the case to a different district court judge is warranted. On June 29, 2020, the district court entered an order clarifying that on July 1, 2020, the CEOs will be asked a single question: have you resolved the case, yes or no? No further elaboration or statements by the CEOs will be requested or permitted.

Federal Rule of Civil Procedure 16(c), governing attendance and matters for consideration at a pre-trial conference, permits the district court to consider and take appropriate action on, among other things, settling the case. Fed. R. App. P. 16(c)(2)(I). According to GM, the July 1 hearing will involve more than a simple status report. The June 23 order still requires the parties' CEOs, and not their subordinate officers with full settlement authority, to meet in person and report back to the court. The district court will not require the CEOs to engage in an "open and documented discussion" regarding a potential settlement, but it is unclear if the court will require counsel to discuss the matter in open court. *See In re Univ. of Mich.*, 936 F.3d 460, 465 (6th Cir. 2019) ("[T]he district judge abused his discretion by ordering that the private conference become an open and documented discussion of 'matters of public interest' two days before the conference was to take place.").

We consider four factors in deciding whether to grant a stay: (1) whether the movants have made a strong showing that they are "likely to succeed on the merits"; (2) whether they "will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The first two factors are the most critical. *Nken*, 556 U.S. at 434. In order to provide

No. 20-1616
-3-

sufficient time to consider the matters raised in GM's petition, and having considered the relevant factors, we conclude that a temporary stay is appropriate.

It is **ORDERED** that the district court's June 23, 2020 order is **STAYED** pending further consideration by this court. We may deny a mandamus petition without an answer. Otherwise, we must order the respondent to file an answer within a fixed time. Fed. R. App. P. 21(b)(1). It is **ORDERED** that the defendants file an answer within seven (7) days of the date this order is entered. *See* Fed. R. App. P. 21(b)(4). The trial court judge is invited to respond within that same time-period if he so desires.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk