# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 06, 2020

Mr. Matthew P. Allen

Mr. Paul D. Clement

Mr. Jacob Eden Cohen

Mr. Ben M. Gonek

Ms. Judith S. Gracey

Mr. Steven L. Holley

Hariklia Karis

Ms. Erin Murphy

Mr. Michael A. Nedelman

> Re: Case No. 20-1616, *In re: General Motors, LLC, et al*
> Originating Case No. : 2:19-cv-13429

Dear Counsel,

The Court issued the enclosed Order today in this case.

> Sincerely yours,
>
> s/C. Anthony Milton
> Case Manager
> Direct Dial No. 513-564-7026

cc: Mr. David J. Weaver

Enclosure

No. 20-1616

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 06, 2020
DEBORAH S. HUNT, Clerk

In re: GENERAL MOTORS, LLC; GENERAL  )
MOTORS COMPANY,                      )         O R D E R
                                     )
       Petitioners.

Before: SUHRHEINRICH, GILMAN, and LARSEN, Circuit Judges.

       Plaintiffs, General Motors, LLC and General Motors Company ("GM"), sued defendants, FCA US LLC, Fiat Chrysler Automobiles N.V., and three individuals ("FCA"), for conspiring to violate the Racketeer Influenced and Corrupt Organizations Act and various state laws. On June 23, 2020, the district judge entered the order that led to this mandamus petition. The order required CEOs Mary Barra of GM and Michael Manley of FCA (the "CEOs") to meet in person, without their legal counsel, "to reach a sensible resolution of this huge legal distraction," and to personally report back to the district judge on July 1, 2020, via a public Zoom webinar, on their progress in settling the case. We stayed the order pending receipt of FCA's answer. The district judge has provided a response. GM has filed a reply.

       "Any power a lower federal court exercises must have some basis in either an act of Congress or the Constitution. Otherwise, it has no basis in law." *In re Univ. of Mich.*, 936 F.3d 460, 465 (6th Cir. 2019). The Federal Rules of Civil Procedure provide district judges with tools to manage their busy dockets. *See id.* Relevant here, at any pretrial conference, the district judge may consider and take appropriate action on settling the case. Fed. R. Civ. P. 16(c)(2)(I). To

Case 2:19-cv-13429-PDB-DRG ECF No. 81 filed 07/06/20 PageID.2942 Page 3 of 5   Case: 20-1616 Document: 13-2 Filed: 07/06/2020 Page: 2   (3 of 5)

No. 20-1616
-2-

facilitate open communication, "settlement conferences should be private, not open to the media and the public." *In re Univ. of Mich.*, 936 F.3d at 464.

The district court has since modified the June 23, 2020 order. Counsel may now be present during the CEOs' face-to-face meeting and at the pretrial conference, which will be closed to the public. Mandamus relief is inappropriate if the district court corrects its own errors. *In re Life Inv'rs Ins. Co. of Am.*, 589 F.3d 319, 325 (6th Cir. 2009). One issue, however, remains. Did the district judge abuse his discretion when he dictated who specifically had to attend on behalf of the parties and required that they meet face-to-face?

"If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." Fed. R. Civ. P. 16(c)(1). "Whether this would be the individual party, an officer of a corporate party, a representative from an insurance carrier, or someone else would depend on the circumstances." Fed. R. Civ. P. 16 Advisory Committee Notes (1993 Amendments). "The selection of the appropriate representative should ordinarily be left to the party and its counsel." *Id*. The district judge did not consider or try the lesser alternative of permitting the parties and their counsel to select their own corporate representatives and allowing them to confer with one another by any reasonable means, including by telephone or video conference. Furthermore, the reasons offered by the district judge for issuing the June 23 order—for example, the COVID-19 pandemic and the tragic killing of George Floyd—are not related to settling the issues specific to this case. The district judge accordingly failed to provide legally adequate reasons to establish that it was appropriate to order the CEOs personally to meet face-to-face to consider a possible settlement. *See* Fed. R. Civ. P. 16(c)(1); *see also In re Univ. of Mich.*, 936 F.3d at 464 (concluding that the district court's desire to have the University president "explain University policy to his constituents" was "not a valid reason" to order the

Case 2:19-cv-13429-PDB-DRG ECF No. 81 filed 07/06/20 PageID.2943 Page 4 of 5
Case: 20-1616 Document: 13-2 Filed: 07/06/2020 Page: 3 (4 of 5)

No. 20-1616
-3-

president to attend a settlement conference in person). We conclude that despite its subsequent modification, the June 23 order is not in harmony with the provisions of Rule 16. *See In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993).

We have authority to issue a writ of mandamus under 28 U.S.C. § 1651 and Federal Rule of Appellate Procedure 21. "However, a writ of mandamus is an extraordinary remedy that we will not issue absent a compelling justification." *In re Life Inv'rs Ins. Co. of Am.*, 589 F.3d at 323. "Only exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion, will justify the invocation of this extraordinary remedy." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted). Three conditions must be satisfied. First, GM must have no other adequate means to attain the relief it desires. Second, GM must show that its right to the issuance of the writ is clear and indisputable. Third, we must find that the writ is appropriate under the circumstances. *Id.* at 380–81; *see John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008). We conclude that these conditions are satisfied.

The relief that GM seeks cannot be obtained by other adequate means such as direct appeal because, once the in-person meeting occurs, the issue will be moot. The need for mandamus relief is also clear. An abuse of discretion occurs when "the district court's decision is clearly unreasonable, arbitrary or fanciful." *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 525 (6th Cir. 2005). Without any prior input from the parties or their counsel, the district judge: (1) singled out the parties' highest ranking officers; (2) required that they meet face-to-face; (3) did not account for the risks involved in traveling during the COVID-19 crisis; (4) ordered them to report back to the court in only eight days; and (5) took these measures for reasons unrelated to the case. We

Case 2:19-cv-13429-PDB-DRG ECF No. 81 filed 07/06/20 PageID.2944 Page 5 of 5
Case: 20-1616 Document: 13-2 Filed: 07/06/2020 Page: 4 (5 of 5)

No. 20-1616
-4-

conclude that issuance of the writ is warranted. We do not mean to say, however, that the district judge may not order a pretrial settlement conference and/or mediation in the normal course.

Lastly, we consider GM's request that its case be reassigned to a different district judge. "This Court possesses the power, under appropriate circumstances, to order the reassignment of a case on remand pursuant to 28 U.S.C. § 2106." *Rorrer v. City of Stow*, 743 F.3d 1025, 1049 (6th Cir. 2014). "Reassignment 'is an extraordinary power and should be rarely invoked.'" *U.S. ex rel. Williams v. Renal Care Grp.*, 696 F.3d 518, 533 (6th Cir. 2012) (quoting *Solomon v. U.S.*, 467 F.3d 928, 935 (6th Cir. 2006)). The district judge's desire for a quick settlement is not so extreme as to call for such a remedy. Contrary to GM's claim, neither the comments nor the conduct of the district judge "establishes that he would not be able to decide fairly this factually complicated case upon remand." *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 239 (6th Cir. 2003). We therefore decline to exercise our power of reassignment here. *See Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 702 (6th Cir. 2018).

The petition for a writ of mandamus is **GRANTED** to the extent that the district judge ordered that a settlement conference be held face-to-face and dictated who specifically had to attend on behalf of the parties. The request for reassignment is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk