# Exhibit B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GENERAL MOTORS LLC, GENERAL MOTORS COMPANY, | No. 19-cv-13429 |
| Plaintiffs, against | Honorable Paul D. Borman District Court Judge |
| FCA US LLC, FIAT CHRYSLER AUTOMOBILES N.V., ALPHONS IACOBELLI, JEROME DURDEN, MICHAEL BROWN, | Honorable David R. Grand Magistrate Judge |
| Defendants. | |

## **DECLARATION OF HARIKLIA KARIS**

I, Hariklia Karis, hereby declare as follows:

1. I am a partner at the law firm of Kirkland & Ellis LLP. I am an attorney licensed to practice in the State of Illinois and have been admitted to practice in this Court.

2. I represent plaintiffs General Motors LLC and General Motors Company (collectively, "GM") in the above-captioned case. I began working on this matter in early 2019. Along with my partner Jeffrey Willian, who joined the team representing GM in this matter in the late summer of 2019, I have acted as GM's lead outside counsel in connection with this matter.

3. GM's investigation into the facts underlying its original Complaint and proposed First Amended Complaint has been led by and conducted through attorneys at Kirkland & Ellis LLP, including myself, Jeffrey Willian, and others. The investigation in support of GM's RICO action continues but, in light of the Court's recent ruling, GM must now set forth allegations concerning new facts that have recently been discovered relating to apparent foreign account activity.

4. The facts were discovered through the use of investigators. GM has invoked and will continue to invoke the work product doctrine, attorney client privilege, and other applicable protections as to all aspects of its counsel's work on this matter, including as to all investigators, agents and consultants. This declaration is intended to describe at a high-level, without waiving any applicable privileges or protections which are expressly reserved, when the new facts that are pled in support of the proposed Amended Complaint were discovered and why that information was not previously pled in an Amended Complaint.

5. Prior to filing its Complaint in November 2019, GM's investigation into the facts underlying its allegations was extensive. The investigation included witness interviews, review of relevant publicly available information regarding criminal developments, close monitoring of the criminal proceedings against Defendants and their co-conspirators, review and analysis of internal GM documents and communications, the engagement of consultants, and an in-depth analysis of

collective bargaining negotiations and related agreements among GM, FCA, and the UAW since 2009.  GM's investigation continues through today.

6.    When GM filed its Complaint on November 20, 2019, and until recently, there was no reference in the criminal proceedings or other indication that Defendants FCA US LLC ("FCA") and Fiat Chrysler Automobiles N.V. ("FCA NV") used offshore bank accounts to further their scheme through payouts to individuals with control and power to directly harm GM.

7.    After the Court precluded GM from obtaining discovery from Defendants and relevant third parties, and as FCA continued to disavow any involvement in the bribery scheme while at the same time disclosing in its public filings that it has "engaged in discussions with the DOJ about a potential resolution of its investigation" arising from the fact that "[s]everal of the individual defendants have entered guilty pleas and some have claimed in connection with those pleas that they conspired with FCA US in violation of the Taft-Hartley Act",[1] through counsel, GM focused its review on FCA N.V.'s and its predecessor's histories and governance through informal discovery, including alleged past but related illicit activities and unlawful conduct.  GM came to learn through its investigation that Fiat and its executives had been involved in what certain publications referred to as

---

[1] *See* Semi-Annual Report of Fiat Chrysler Automobiles, at 70 (July 31, 2020).

"Kickback City," where Fiat S.p.A. apparently used certain foreign accounts to illicitly pay politicians to obtain commercial contracts.

8. After formal discovery was denied, as part of its ongoing investigation into the harm caused to GM through the bribery scheme FCA executives had admitted as well as new facts revealed in the government's investigation, in mid-April 2020, GM, through outside counsel, retained and began working with third party investigators to assist in GM's investigation. Certain of these third parties, all of whom have significant credentials supporting their investigative expertise, recently discovered reliable information indicating the existence of foreign accounts potentially connected to the scheme alleged in GM's Complaint, as described below.

9. In the meantime, while the investigation was ongoing and in the preliminary phases, on May 26, 2020, the Court set an oral argument date on Defendants' motions to dismiss. The oral argument was held on June 23, 2020. After oral argument, the Court issued a ruling that resulted in GM filing an Emergency Petition for Writ of Mandamus on June 27, 2020. The Sixth Circuit subsequently stayed this Court's June 23, 2020 order and granted GM's writ on July 6, 2020. Two days later, on July 8, 2020, the Court issued its decision granting Defendants' motions to dismiss with prejudice.

10. Only very recently, GM's investigation has uncovered reliable information concerning the scope and breadth of relevant individuals with foreign

accounts. Specifically, only within the last 10 days did we obtain sufficiently reliable information concerning the existence of foreign bank accounts by various individuals previously and currently employed by FCA and former UAW Presidents and officers to allege in a public filing as stated in the First Amended Complaint the scope and significance of the foreign accounts.

11. Despite reasonable diligence in investigating GM's claim, GM was previously unable to discover this evidence because it sought to obtain banking information through formal discovery which the court did not permit to proceed until after the Defendants' Motion to Dismiss was resolved. GM, through counsel needed to identify a reputable investigative firm that could reliably obtain this information, which took several months especially given COVID limitations.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 3, 2020                     */s/ Hariklia Karis, P.C.*
                                          Hariklia Karis, P.C.