# Exhibit C

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GENERAL MOTORS LLC, GENERAL MOTORS COMPANY, <br><br> Plaintiffs, <br> against <br><br> FCA US LLC, FIAT CHRYSLER AUTOMOBILES N.V., ALPHONS IACOBELLI, JEROME DURDEN, MICHAEL BROWN, <br><br> Defendants. | No. 19-cv-13429 <br><br> Honorable Paul D. Borman <br> District Court Judge <br><br> Honorable David R. Grand <br> Magistrate Judge |

## **DECLARATION OF JEFFREY L. WILLIAN**

I, Jeffrey L. Willian, hereby declare as follows:

1. I am a partner at the law firm of Kirkland & Ellis LLP. I am an attorney licensed to practice in the State of Illinois and have been admitted to this Court.

2. I represent plaintiffs General Motors LLC and General Motors Company (collectively, "GM") in the above-captioned case and have been working on this matter since the summer of 2019.

3. GM's investigation into the facts underlying its original Complaint and proposed First Amended Complaint has been led by and conducted through attorneys at Kirkland & Ellis LLP, including myself, Hariklia Karis, and others. The

investigation in support of GM's RICO action continues but, in light of the Court's recent ruling, GM believes it must now allege new facts that it has recently discovered concerning the existence of foreign accounts that have apparently been used to further the schemes identified in GM's original Complaint.

4. These new facts were discovered through the use of third-party investigators with the assistance and guidance of counsel. GM has invoked and will continue to invoke the work product doctrine, attorney client privilege, and other applicable protections as to all aspects of its counsel's work on this matter, including as to all investigators, agents, and consultants. The below is intended to describe at a high-level, without waiving any applicable privileges or protections, all of which are expressly reserved, when GM acquired sufficient information regarding the scope, breadth, and apparent use of the foreign accounts alleged in GM's proposed First Amended Complaint and why that information was not previously pled.

5. Prior to filing its Complaint in November 2019, GM's investigation into the facts underlying its allegations was extensive. The investigation included witness interviews, review of relevant publicly available information regarding criminal developments, close monitoring of the criminal proceedings against Defendants and their co-conspirators, review and analysis of internal GM documents and communications, the engagement of consultants, and in-depth analysis of

collective bargaining negotiations and related agreements among GM, FCA, and the UAW since 2009. GM's investigation has continued through today.

6. When GM filed its Complaint on November 20, 2019, and until recently, there was no indication that Defendants FCA US LLC ("FCA") and Fiat Chrysler Automobiles N.V. ("FCA NV") used offshore bank accounts to further their unlawful scheme. There is no public reference to any such offshore bank accounts in the criminal proceedings.

7. After the Court precluded GM from obtaining discovery from Defendants and relevant third parties, and as FCA continued to disavow any involvement in the bribery scheme while at the same time disclosing in its public filings that it has "engaged in discussions with the DOJ about a potential resolution of its investigation" arising from the fact that "[s]everal of the individual defendants have entered guilty pleas and some have claimed in connection with those pleas that they conspired with FCA US in violation of the Taft-Hartley Act",[1] through counsel, GM focused its review on FCA N.V.'s and its successor's histories and governance, including alleged past but related illicit activities and unlawful conduct. GM came to learn through its investigation that Fiat and its executives had been involved in what certain publications referred to as "Kickback City," where Fiat

---

[1] *See* Semi-Annual Report of Fiat Chrysler Automobiles, at 70 (July 31, 2020).

S.p.A. apparently used certain foreign accounts to illicitly pay politicians to obtain commercial contracts.

8. In mid-April 2020, after formal discovery was denied and as part of its ongoing investigation, GM, through outside counsel, retained and began working with third party investigators to assist in GM's investigation. Certain of these third parties, all of whom have significant credentials supporting their investigative expertise, recently discovered reliable information indicating the existence of foreign accounts potentially connected to the scheme alleged in GM's Complaint, as described below.

9. In the meantime, on May 26, 2020, the Court set an oral argument date on Defendants' motions to dismiss. The oral argument was held on June 23, 2020. After oral argument, the Court issued a ruling that resulted in GM filing an Emergency Petition for Writ of Mandamus on June 27, 2020. The Sixth Circuit subsequently stayed this Court's June 23, 2020 order and granted GM's writ on July 6, 2020. Two days later, on July 8, 2020, the Court issued its decision granting Defendants' motions to dismiss with prejudice.

10. Only recently did GM's investigation uncover reliable information concerning the scope and breadth of relevant individuals with foreign accounts. Specifically, only in the last 10 days did we obtain sufficiently reliable information

to allege in a public filing as stated in the First Amended Complaint the scope and significance of the foreign accounts.

11. Despite GM's diligence in investigating its claims, GM was previously unable to discover this evidence on the existence and use of foreign accounts, including because the Court stayed GM's efforts to obtain banking information through formal discovery until after the Defendants' Motion to Dismiss was resolved. Instead, GM, through counsel, needed to identify a reputable investigative firm that could reliably obtain this information, which took several months especially given COVID limitations.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 3, 2020                    */s/ Jeffrey L. Willian, P.C.*
                                         Jeffrey L. Willian, P.C.