UNITED STATES DISTRICT COOURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS, LLC;
GENERAL MOTORS CO.,

     Plaintiffs

v.

FCA US LLC/ FIAT CHRYSLER
AUTOMOBILES N.V.; ALPHONS
IACOBELLI; JEROME DURDEN;
MICHAEL BROWN,

     Defendants.

_____

No. 2:19-cv-13429
Hon. Paul D. Borman
Magistrate David R. Grand

**<u>DEFENDANT ALPHONS IACOBELLI'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT</u>**

Defendant Alphons Iacobelli (collectively "Defendant" or "Iacobelli"), states

as follows for his Response in Opposition to Plaintiffs' Motion to Alter or Amend

Judgment.

# <u>TABLE OF CONTENTS</u>

Table of Authorities ................................................................. 3

Issues Presented ..................................................................... 5

Controlling Authorities ........................................................... 6

Introduction ............................................................................. 7

Argument................................................................................. 9

   1. Fed. R. Civ. P. 59(e) – Standard of Review ........................... 9

   2. This Court Did Not Err in Dismissing Case .......................... 10

   3. Dismissal with Prejudice ..................................................... 12

   4. There is NO "Newly Discovered Evidence" Warranting Amendment
      Of the Judgment....................................................................... 15

Conclusion ............................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

*Anza v Ideal Steel Supply Corp.,* 547 U.S. 451 (2006)..................6, 10, 11, 12, 14

*Baynum v. Chesapeake and Ohio Railway Co,* 456 F.2d 658, 662
*(6th Cir 1972)*...................................................................................................... 10

*Becnel v Deutshe Bank AG*, 838 F. Supp. 2d 168, 172 fn. 21
(S.D.N.Y. 2011) ................................................................................................... 19

*F.D.I.C. v. Arciero, 741 F.3d 1111, 1117* (10th Cir. 2013)................................... 9

*Good v Ohio Edison Co*., 149 F. 3d 413, 423 (6th Cir. 1998)........................ 10, 15

*Hemi Group, LLC v City of New York*, 559 U.S. 1 (2010) ............ 6, 10, 11, 12, 14

*James v. Watt*, 716 F.2d 71 (1st Cir. 1983) ......................................................... 13

*Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612,
616 (6th Cir. 2010)................................................................................................ 14

*Michigan Dep't of Envtl. Quality v City of Flint*, 296 F Supp. 3d 842, 846
(E.D. Mich. 2017) ............................................................................................... 6, 9

*Morse v McWhorter*, 290 F.3d 795,800 (6th Cir. 2002)................................ 13, 14

*Rhoden v Campbell*, 1999 U.S. App. LEXIS 32499 (6th Cir. 1999).................... 10

*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th
Cir1998) ................................................................................................................ 11

*Shatsky v PLO*, 292 F. Supp. 3d 188, 195 (D.D.C. 2017) ............................... 6, 19

*United States v Int'l Bhd. of Teamsters*, 247 F. 3d 370, 392 (2d Cir. 2001) ....... 10

*Wallace v Midwest Fin. & Mortg. Servs. Inc*, 714 F. 3d 414, (6th Cir. 2013) 11, 14

*Williams v Mucci Pac, U.S.A., Ltd.*, 961 F. Supp. 2d 835, 839
(E.D. Mich. 2013) ................................................................................................ 17

*Wilson v Upjohn Co*, 808 F. Supp. 1321, 1323 (S. D. Ohio 1992) .............. 10, 15

28 U.S.C. §1746 ...................................................................................... 16

Fed. R. Civ. P 15 ................................................................................... 13

Fed. R. Civ. P. 41(b) .............................................................................. 13

Fed. R. Civ. P. 59(e) ...................................................... 9, 10, 15, 19, 20

Fed. R. Civ. P. 60(b)(2) ..................................................................... 9, 10

6 Charles Alan Wright, et al., Federal Practice and Procedure § 1489
(3d ed. 2010) ........................................................................................ 13

11 Charles A. Wright, Federal Practice and Procedure § 2859 (2012) ................ 9

## <u>ISSUES PRESENTED</u>

1. Did this Court err in dismissing GM's Complaint?
2. Has GM presented "newly discovered evidence" that entitles GM to have this Court alter or amend its judgment?
3. Is GM entitled to leave to amend?

DEFENDANT IACOBELLI SAYS "NO"

## <u>CONTROLLING AUTHORITIES</u>

*Michigan Dep't of Envtl. Quality v City of Flint*, 296 F Supp. 3d 842, 846 (E.D. Mich. 2017)

*Hemi Group, LLC v City of New York*, 559 U.S. 1 (2010)

*Anza v Ideal Steel Supply Corp.*, 547 U.S. 451 (2006)

*Shatsky v PLO*, 292 F. Supp. 3d 188, 195 (D.D.C. 2017)

**INTRODUCTION**

GM has in its Motion to Alter or Amend taken a page from Sen. Joseph McCarthy's infamous February 9, 1950 claim of having compiled "evidence" of State Department employees who were allegedly members of the communist party; Senator McCarthy never actually made the list public but garnered significant attention by promoting his claim that "I have here in my hand a list..." of those supposed State Department employees. GM similarly claims possession of alleged "newly discovered evidence," supposedly a list of alleged foreign bank accounts that GM attributes to the Defendants (and proposed defendants) and around which imaginary list GM spins a wild and completely unsupported tale of "moles" and alleged undisclosed foreign payments. Like Senator McCarthy, GM fails to disclose the alleged "list" (if it exists), but has garnered significant public attention (which may have been its goal) by mere allegations of its existence.

A critical review of GM's claim of alleged "newly discovered evidence" reveals that the information GM promotes as "evidence" is not evidence at all, but instead mere allegations based on inference, conjecture and supposition, all finding their roots in the alleged results of an alleged "privileged" investigation conducted by undisclosed persons at the behest of GM. The "Declarations" submitted by GM in an effort to provide cover for the claim of "newly discovered evidence" apparently rely upon this secret investigation but are themselves fatally infirm, not only failing

to satisfy the statutory requirements for a Declaration but permeated with inadmissible hearsay. GM's failure to disclose – through the flawed Declarations or otherwise - the investigatory report (if it exists) upon which it claims to rely, the alleged list of foreign bank accounts upon which its latest fictional account is based, or the source(s) of this alleged "newly discovered evidence," leads to the inescapable conclusion that the information upon which GM relies is (the subjective opinion of GM's counsel to the contrary notwithstanding) objectively unreliable and would not survive the light of day. Intent on proceeding in the clear absence of any evidence, let alone <u>admissible</u> evidence, GM audaciously admits at page 6 of its Motion that the conclusions reached on basis of its allegedly "privileged" investigation, "now that GM has come to reasonably believe" those allegations, are "alleged as facts." While it may be surprising to the oft-insular GM, information that GM recently paid undisclosed persons to obtain and as a result of which (not surprisingly) "GM has come to reasonably believe" is true <u>are not facts</u> and certainly not <u>admissible</u> evidence sufficient to support its Motion to Alter or Amend the prior, well-reasoned and well-supported judgment of this Court.[1]

---

[1] Mr. Iacobelli will not dignify the proposed First Amended Complaint by a substantive response to its scurrilous allegations or its legal sufficiency, since it contains mere allegations of GM's counsel that, in the absence of "newly discovered [admissible] evidence" to support it, must be ignored.

## ARGUMENT

1. **Fed. R. Civ. P. 59(e) – Standard of Review**. GM's Motion is brought pursuant to Fed. R. Civ. P. 59(e). The only accurate part of GM's Motion is the standard that this Court must apply in evaluating the Motion:

> A party seeking relief under *Rule 59(e)* must show one of four things: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)* (citing *GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999))*. The "newly discovered evidence," though, "'must have been previously unavailable.'" *HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 615 (6th Cir. 2012)* (quoting *GenCorp, 178 F.3d at 834*).

*Michigan Dep't of Envtl. Quality v City of Flint*, 296 F Supp. 3d 842, 846 (E.D. Mich. 2017). The same standard applies to motions on the ground of newly discovered evidence whether they are made under *Rule 59* or *Rule 60(b)(2)*. As the *Michigan Dep't of Envtl. Quality* noted at page 846, " '… it is well-settled that the requirements for newly discovered evidence are essentially the same under Rule 59(e) and 60(b)(2).' *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1117 (10th Cir. 2013) (quoting *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012); 11 Charles A. Wright, Federal Practice and Procedure § 2859 (2012) ("The same standard applies to motions on the ground of newly discovered evidence whether they are made under Rule 59 or Rule 60(b)(2).").

GM bears the burden of establishing that the "newly discovered evidence" is both <u>admissible and credible.</u> *Wilson v Upjohn Co*, 808 F. Supp. 1321, 1323 (S. D. Ohio 1992)(Rule 60(b)(2) determination); *see also Baynum v. Chesapeake and Ohio Railway Co*, 456 F.2d 658, 662 (6th Cir 1972); *United States v Int'l Bhd. of Teamsters*, 247 F. 3d 370, 392 (2d Cir. 2001)). The "newly discovered evidence" must also be material and controlling, and convince the Court that it clearly would have produced a different result if presented before the original judgment. *Good v Ohio Edison Co*., 149 F. 3d 413, 423 (6th Cir. 1998); *Rhoden v Campbell*, 1999 U.S. App. LEXIS 32499 (6th Cir. 1999).

**2.** **<u>This Court Did Not Err in Dismissing Case</u>**. In reaching its decision to dismiss GM's Complaint, this Court did not apply an incorrect proximate cause requirement, and GM's characterization of the requirement as "strict" – in an apparent effort to claim it was surprised by that well-established pleading requirement - is insufficient to evidence error by this Court in its applicability or application. In short, this Court correctly applied the law as decided by the United States Supreme Court in *Hemi Group, LLC v City of New York*, 559 U.S. 1 (2010) and *Anza v Ideal Steel Supply Corp.*, 547 U.S. 451 (2006).

In this Motion, GM *again* attacks this Court's reliance upon the pleading requirements established by *Hemi* and *Anza,* despite well-established precedent that a motion under Rule 59(e) is not to be used as an opportunity to re-argue a case.

*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Despite this rule, GM nevertheless re-argues the position it took in its March 13,2020 Opposition to Mr. Iacobellis' Motion to Dismiss (Dkt. 65), again asserting that application by this Court of the *Hemi Group* and *Anza* rulings was incorrect and characterizing the Court's application of the requirement as "strict" in an apparent effort to both assert that the Court created a "new" standard and claim surprise that entitles GM to leave to amend.

GM was, however, well aware of Defendants' position that disposition of its claim of proximate cause would be governed by *Hemi* and *Anza* and not the 2013 decision of the Sixth Circuit in *Wallace v Midwest Fin. & Mortg. Servs. , Inc*, 714 F. 3d 414, (6th Cir. 2013), which GM should not need be reminded cannot overrule the decisions of the Supreme Court. Indeed, GM complained to this Court that Mr. Iacobelli "ignored" the *Wallace* decision. GM Opposition, Dkt. 65 at p. 7. In his April 6, 2020 Reply (Dkt. 67), Mr. Iacobelli pointed out that he did not "ignore" the *Wallace* decision but, in light of controlling Supreme Court precedent, did not need to distinguish *Wallace* for the reason that *Wallace* did not support GM's position. The *Wallace* plaintiff survived a proximate cause challenge because the link between the alleged fraudulent scheme to induce borrowers to agree to high interest rate loans, and the injury suffered by the *Wallace* plaintiff (one of those borrowers) was direct; as the Court noted, "we are able to trace a straight line between the alleged

fraud and the asserted injury." *Id.* at 420. No such "straight line" exists in this case. This Court properly recognized that any "line" between the alleged predicate acts and the asserted injury in this case was at best a "zig zag" starting with the alleged predicate acts, moving to alleged favorable treatment to FCA, then to the alleged "improper" selection of FCA as the 2015 "target," then to the alleged "tainted" 2015 FCA-UAW CBA negotiations, further to the independent UAW membership rejection of the initial 2015 FCA-UAW CBA contract proposal, back to further negotiations with the UAW, and finally to the UAW membership ratification of the 2015 FCA-UAW CBA, all followed by independent, controlling acts including, but not limited to, GM's negotiations with the UAW and ending with UAW membership ratification of the 2015 GM-UAW CBA.

GM's protests to the contrary notwithstanding, the Court did not err in its judgment.

**3.  Dismissal With Prejudice**. Having failed in its attempt to convince this Court to depart from the clear holding of the Supreme Court in *Hemi* and *Anza*, GM now claims the right – but never earlier sought the opportunity - to amend its Complaint.

This Court did not err in dismissing GM's Complaint with prejudice. In this regard, the Court's addition of the phrase "with prejudice" to its judgment – of which phrase GM apparently complains – was surplusage, since dismissal of GM's

complaint without addition of the phrase "with prejudice" would still have operated as an adjudication on the merits. Fed. R. Civ. P. 41(b). Entry of an Order of dismissal, without adding "with prejudice," would itself have prevented any further amendment by GM of its Complaint.

Mr. Iacobelli acknowledges that prior to disposition of a case, Fed. R. Civ. P 15, which governs leave to amend, generally requires that leave to amend be "freely" given. Leave is not "freely" given, however, when a motion for leave to amend is made *after* a judgment against the plaintiff. When a request is made after the entry of judgment, the Court must consider "the competing interest of protecting the 'finality of judgments and the expeditious termination of litigation.'" *Morse v McWhorter*, 290 F.3d 795,800 (6th Cir. 2002). As the Court noted in *James v. Watt*, 716 F.2d 71 (1st Cir. 1983), if a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then "reopen the case by amending their complaint to take account of the court's decision." *Id*. at 78. That would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities. *See* 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1489 (3d ed. 2010). Thus,

"when a party seeks to amend a complaint after an adverse judgment, it thus

must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60. *See In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008); *United States ex rel. SNAPP, Inc. v. Ford Motor Co*., 532 F.3d 496, 507 (6th Cir. 2008). In post-judgment motions to amend, as a result, "the Rule 15 and Rule 59 inquiries turn on the same factors." *Morse*, 290 F.3d at 799. A court acts within its discretion in denying a Rule 15 and a Rule 59 motion on account of "undue delay"--including delay resulting from a failure to incorporate "previously []available" evidence, *GenCorp*, 178 F.3d at 834--and ought to pay particular attention to "the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Morse*, 290 F.3d at 800."

*Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010).

In this case, leave to amend should be denied. Notwithstanding the obvious risk to GM of ignoring controlling Supreme Court precedent in its defense of its Complaint, GM did not prior to entry of judgment seek leave to file an amended complaint to allege in good faith, if it could, a direct causal link between the alleged predicate acts and GM's alleged damages. GM offers no credible explanation for its failure to seek leave to amend prior to the entry of judgment; this Court did not acknowledge any "tension," serious or otherwise, between the Supreme Court's decisions in *Hemi/Anza* and *Wallace* that would have justified GM's failure to earlier seek leave to amend. Certainly, GM was on notice of the *Hemi* and *Anza* standards for proximate cause, and apparently made the informed but ultimately unsuccessful decision to argue that it needed only to satisfy the 6th Circuit's departure in *Wallace*. Having gambled that it could convince this Court to ignore (or depart from)

controlling Supreme Court precedent and having lost that bet, GM should not now be heard to complain that this Court somehow erred in not offering GM the opportunity to amend, rather than dismiss the case.

**4.  There is NO "Newly Discovered Evidence" Warranting Amendment of the Judgment**

As discussed above, GM bears the burden of establishing that the "newly discovered evidence" is both <u>admissible and credible.</u> *Wilson v. Upjohn Co*, 808 F. Supp. 1321, 1323 (S. D. Ohio 1992); and the "newly discovered evidence" must also be material and controlling, sufficient to convince this Court that it clearly would have reached a different result if presented before the original judgment. *Good v. Ohio Edison Co*., 149 F. 3d 413, 423 (6th Cir. 1998).

Despite the clear requirements of Rule 59(e), GM's Motion is not supported by anything that could reasonably be construed to be evidence, let alone "newly discovered evidence" that is admissible, should be considered by this Court in evaluating the Motion, and the introduction of which would have produced a different result if presented to this Court before entry of its original judgment. To be "newly discovered evidence" within the meaning of Rule 59(e), it must <u>first be evidence</u> and <u>then must be admissible</u>. While claiming to have <u>information</u> that allegedly reveals foreign bank accounts belonging to one or more of the Defendants, GM does not provide any actual evidence of the existence of those accounts; does

not reveal the source of the information upon which it alleges the existence of those accounts; reveals that its knowledge of the alleged accounts is hearsay; and claims that the report upon which GM bases its suppositions and allegations is privileged and not subject to involuntary disclosure (which may or may not be true, but in any event the refusal to disclose the underlying report and establish its admissibility makes any reliance upon the alleged report improper);

Unable or unwilling to provide this Court with any admissible "newly discovered evidence," GM attempts (in an ill-conceived plan) to support its Motion by supplying to this Court and the parties two Declarations – one by each of two of its attorneys, Hariklia Karis and Jeffrey Willian. Presumably, those Declarations (GM Exhibits B and C) were intended to be provided pursuant to (although they make no reference to) 28 U.S.C. §1746, and further intended to serve as the basis for establishing the existence of "newly discovered evidence." Those Declarations are, however, fatally flawed and utterly fail to provide to the Court with any <u>admissible evidence</u> that could support this Court granting the relief sought by GM.

As an initial matter, the "Declarations" do not satisfy the requirements of 28 U.S.C. §1746 and should as a result be disregarded in their entirety. 28 U.S.C. § 1746 provides as follows:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration,

verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
***
(2)
If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature)".

On their face, the Declarations of Karis and Willian do not comport with the plain and unambiguous requirements of §1746. Instead of the Declarations being made upon the personal knowledge of the Declarants and each clearly stating that the declaration is "true and correct" as §1746 requires, the "Declarations" improperly dilute the statutory language by the qualification that they are each "true and correct to the best of my [the Declarant's] knowledge, information and belief" (emphasis supplied). Adding to their inadmissibility, the Declarations do not anywhere indicate which portion of the Declarations are within each declarant's personal knowledge, and which portions are made "on information and belief." As a result, the Declarations are inadmissible with the possible exception of those portions that plainly describe each declarant's personal conduct (such as paragraphs 1, 2 and the chronology set forth in paragraph 9). *Williams v Mucci Pac, U.S.A., Ltd.*, 961 F. Supp. 2d 835, 839 (E.D. Mich. 2013).

The Declarants' qualification of their statements as being made on "information and belief" is not surprising since, with the exception of paragraphs 1, 2 and the chronology set forth in paragraph 9 of each Declaration, the Declarations repeatedly refer to and claim to rely upon GM's alleged secret investigation. The Declarants' claims that the investigation by undisclosed others reveals the existence of foreign bank accounts, and the references to the conclusions drawn from that alleged investigation, is unquestionably inadmissible hearsay. In addition, GM clearly asserts that the underlying investigation and the results thereof are privileged and should therefore be treated as immune from involuntary disclosure – and is thus inadmissible. Left without any material portion of the "Declarations" to consider and in the absence of anything else, a simple question is left with a simple answer: Where is the admissible evidence upon which GM relies? Answer: There isn't any.

Even the remainder of each of the Declarations is unquestionable inadmissible hearsay and improper argument of counsel, not a declaration of facts. Those statements that try to provide a sense of legitimacy are qualified by terms such as "apparent" before the phrase "foreign account activity" (see GM Motion Exh. B, Karis Declaration ¶3).  Vague reference are made to unidentified investigators and provision by unnamed sources of alleged "reliable information concerning the scope and breadth of relevant [unidentified] individuals with foreign accounts" (Declarations at ¶10). But those assertions are not evidence, let alone admissible

evidence. The claim that GM "obtain[ed] sufficiently reliable information concerning the existence of foreign bank accounts by various [again, unidentified] individuals…" (Declarations at ¶10) is not evidence. GM's unwillingness to disclose any evidentiary basis for its wild claims and apparent desire to allege hearsay as fact is inexcusable, and does not and cannot support the grant of relief GM seeks. *Shatsky v PLO*, 292 F. Supp. 3d 188, 195 (D.D.C. 2017)(finding statement inadmissible and, once excluded, no basis for granting Rule 59(e) relief). *See also Becnel v Deutshe Bank AG*, 838 F. Supp. 2d 168, 172 fn. 21 (S.D.N.Y. 2011)(noting that a declaration that simply described the state of the declarant's understanding prior to filing the complaint did not qualify as newly discovered evidence).

In short, GM has no and presents no evidence, let alone admissible evidence, that would support the alteration or amendment of this Court's judgment. The Declarations must and therefore should be ignored, and GM's included efforts to call obvious inadmissible hearsay "evidence" should be rejected.

Even if this Court were to parse the Declarations for that limited information that could be reasonably construed as being within the personal knowledge of the declarants and thus potentially admissible, the remaining portions are not newly discovered evidence of anything relevant to this case. GM, confusing the requirement of "newly discovered evidence" with the fiction it seeks to advance as a cause of action, cannot seriously believe that its current belief regarding the

existence of foreign bank accounts belonging to the Defendants (which at least as to Mr. Iacobelli is complete fiction) can, without more, constitute <u>admissible evidence</u> to support GM's claim of a direct causal link between the alleged predicate acts and damages to GM. As a result, GM does not explain how, as it must in order to prevail, prior knowledge of the existence of such accounts (if true) would have resulted in a different disposition of the case. While if true (which with respect to Mr. Iacobelli it is not) the existence of those accounts might constitute new "information," GM is not permitted to proceed upon "new information" in lieu of the "newly discovered evidence" required by Rule 59(e).

## **<u>CONCLUSION</u>**

For the reasons set forth above, Defendant Alphons Iacobelli prays that this Court deny Plaintiff's Motion to Alter or Amend the Judgment, and award in favor of Mr. Iacobelli and against GM those costs, including actual attorneys' fees, incurred in responding to a Motion wholly lacking in legal or factual merit.

Respectfully submitted,
NEDELMAN LEGAL GROUP PLLC
By: <u>/s/ Michael A. Nedelman</u>
Michael A Nedelman (P35433)
Counsel for Defendant Alphons Iacobelli
28580 Orchard Lake Road, Suite 140
Farmington Hills, MI 48334
(248) 855-8888
mnedelman@nglegal.com

Dated:  August 8 2020

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I caused a true and correct copy of the foregoing to be furnished via the Court's E-filing system to all counsel of record on August 8, 2020.

By /s/ Michelle K. Watler
Michelle K. Watler